PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. VALENTÍN COSME ET AL., Defendants and Appellants.

No. 4281. Argued February 19, 1931.—Decided March 13, 1931.

*A. Díaz Viera* for appellants. *R. A. Gómez* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

This is a prosecution for adulterating milk against Valentín Cosme and Félix Rivera who in addition are charged with being second offenders. The district court found them guilty and sentenced each of them to six months in jail and to pay a fine of $500, with the other pronouncements authorized by law in the case of second offenders.

Cosme and Rivera appealed and have assigned in their brief seven errors, all of which relate to the admission and weighing of the evidence.

It is first urged that the court erred in admitting in evidence a certain ticket or label. Two health inspectors testified at the trial to the effect that the adulterated milk had been taken from a milk can to which there was attached a label with the words: "Cow's milk. License No. 8. Félix Rivera, owner." The label was detached, kept by one of the inspectors, identified at the trial as being the same one seized, and then introduced in evidence. We fail to see the commission of any error.

The fact that the label was kept by the inspector and was

not delivered to the district attorney when making the preliminary investigation does not render such evidence inadmissible. Nor was it necessary for the prosecution to show that the name ''Félix Rivera'', appearing on the label, had been written by the defendant. What the prosecuting attorney sought to prove was that as a matter of fact the label was attached to the can containing the adulterated milk.

The second error assigned is that the court allowed witness Berreteaga to testify as to certain admissions made by the defendant, Cosme. Berreteaga testified as follows:

''At about 1 p. m. on August 22, of this year, I accompanied Inspector Alicea to take several samples of milk at Martín Peña, when defendant Valentín Cosme came driving a car in which three milk cans were carried. We stopped him and asked him to whom did that milk belong and he told us that it came from the dairy of Félix Rivera. The cans were labeled and sealed. The label read: 'Félix Rivera, License No. 8, cow's pure milk, Trujillo Alto,' and on our asking Valentín Cosme where he was taking that milk he answered that he was taking it to a milk-stand in Sunoco and to another in Talleres.''

Counsel for the defendant did not object until the end. He then said:

''We object because a confession should be made in accordance with the law. Mere statements should not be produced here as a confession from the defendant.''

Both the prosecuting attorney and the trial judge himself asked the witness whether Cosme had answered voluntarily, without being threatened at all, and the answer was that there was no threat, and that Cosme answered voluntarily the questions put to him and knew that the witness was a health inspector.

The defense asked and the witness answered as follows:

''Def.—Did you warn Valentín Cosme that he had a right not to answer?

''Witness.—No, Sir.

"Attorney.—Did you not warn him that those facts would be used here against him?

"Witness.—No, Sir."

The defendant insisted on his objection. The court allowed the answer of the witness to go on the record and the defendant took an exception.

There was no error. It was not a question of a confession but of mere admissions in the course of a conversation, which may be introduced in evidence without any previous warning, as has been repeatedly held by the courts.

Nor did the court err in admitting in evidence the license application and the bond produced by the prosecuting attorney. The prosecution introduced as a witness Carlos A. del Rosario, chief of the food and drug division of the Department of Health, who has charge of the issuance of licenses for milk-stands. Rosario exhibited the application and the bond of Félix Rivera. Counsel for the defendant asked him if he could state positively whether the signature appearing on the application had been written by the defendant. He answered in the negative; and that Félix Rivera had delivered to him a signed application, which he forwarded favorably endorsed to the local chief at Trujillo Alto; the Commissioner fixed the bond which the applicant furnished and it is here. We think this is sufficient. The law does not require that the signature be written in the presence of the official who receives the application.

It is further claimed that the court erred in admitting in evidence the testimony of Aldea Bigles, deputy clerk of the district court. The testimony of Aldea was introduced by the prosecution for the purpose of establishing the fact of prior convictions. The appellant maintains that the judgments introduced as evidence were not admissible because Aldea could not positively state whether the Félix Rivera referred to therein was the same Félix Rivera who is the defendant in the present case. There is no doubt that it would have been more effective if the deputy clerk had been

in a position to state positively that he knew personally the defendant and that he was the same person who had been prosecuted and convicted in the other cases; but the fact that he was not in such a position did not preclude him from testifying for the purpose of the production of the records.

Two errors only remain to be considered: The one relating to the failure on the part of the court to take into consideration the testimony of expert Angel M. Pesquera, and that which concerns the holding of the court to the effect that the evidence shows the guilt of the defendants.

The court did not fail to take into consideration the testimony of the expert witness for the defense. It did consider such testimony but finding it in conflict with that given by the expert witness for the prosecution, it decided the conflict in favor of the prosecution.

Although the evidence as a whole is indeed queer, we think it is sufficient. It is so complete as regards the defendant Cosme, that the defense counsel himself does not insist greatly in attempting to show the contrary. He does insist as regards the defendant, Rivera. That one Félix Rivera is guilty can not even be disputed. It is evident. The doubt arises as to whether Félix Rivera, the defendant herein, is the guilty person. It is urged that the defendant, Félix Rivera, is simply an employee of the street-cleaning department of San Juan who never owned a dairy. That may be so, but if it is, the result would always be that he assumed the role of a dummy and must abide by the consequences of his own acts. Inspector Alicea, in answering questions propounded to him by the defense, said among other things:

"Do you know whether the Félix Rivera referred to in this information is this same or another person?

"I am sure of that.

"Why do you know he is the same?

"Because I know him."

Berreteaga, another inspector, in answer also to questions asked by the defense, answered:

"Have you ever had to do with Félix Rivera?
"No, Sir.
"Do you not know him?
"I know him because other samples have been taken from him."

If to this is added the testimony of the chief of the food and drug division and the presumption of the identity of persons from the identity of names, which has not been overcome by the vague testimony of the defendant at the trial not believed by the court, it must be concluded, as above stated, that the evidence is sufficient.

By virtue of all the foregoing the judgment appealed from must be affirmed.